UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY VANCE WHITE,

      Plaintiff,

-vs-

OFFICER THOMAS BAKER, in his individual capacity, OFFICER RICK ZAMOJSKI, in his individual capacity, OFFICER JAMES RAYNER, in his individual capacity, OFFICER JOHN HEINRICH, in his individual capacity, and MADISON HEIGHTS POLICE DEPARTMENT,

      Defendants.

Case No. 2:23-cv-12091
Hon. George Caram Steeh
Mag. David R. Grand

JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
jon@markolaw.com

NICHOLAS P. SOMBERG (P80416)
**SOMBERG LAW, PLLC**
Co-Counsel for Plaintiff
31700 Telegraph Road, Suite 210
Bingham Farms, Michigan 48025
P: (248) 270-5979
nick@somberglaw.com

## AMENDED COMPLAINT AND JURY REQUEST

NOW COMES the Plaintiff, Larry Vance White, by and through his attorneys, Marko Law, PLLC and Somberg Law, PLLC, and for his Complaint against the above-named Defendants, states as follows:

1

## PARTIES

1. Plaintiff seeks to hold Defendant Thomas Baker, Defendant Rick Zamojski, Defendant James Rayner and Defendant John Heinrich liable under 42 U.S.C. § 1983 for his infliction of excessive force upon Larry Vance White during a July 23, 2022 encounter that culminated in Mr. Vance's injuries.

2. Plaintiff's § 1983 claim against Defendant Thomas Baker, Defendant Rick Zamojski, Defendant James Rayner and Defendant John Heinrich rests with the Fourth Amendment right to be free from the use of excessive force, free from illegal search and seizure and free from malicious prosecution.

3. Plaintiff is, and was at all times material to his complaint, a citizen of the United States, and a resident of the State of Michigan and the City of Madison Heights, Macomb County.

4. Defendant Thomas Baker was a law enforcement officer with the Madison Heights Police Department and at all material to this complaint acting under the color of law.

5. Defendant Rick Zamojski was a law enforcement officer with the Madison Heights Police Department and at all material to this complaint acting under the color of law.

6. Defendant James Rayner was a law enforcement officer with the Madison Heights Police Department and at all material to this complaint acting under the color of law.

7. Defendant John Heinrich was a law enforcement officer with the Madison Heights Police Department and at all material to this complaint acting under the color of law.

8. The Madison Heights Police Department holds itself out as being committed to the values of integrity and fairness in its interactions with citizens.

## JURISDICTION

9. This Court has subject matter jurisdiction over the federal claims raised in this action pursuant to 28 U.S.C. §§ 1331 and 1343.

10. Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. §§ 1988 and 12205.

11. This Court has jurisdiction to issue declarative, and other relief under 28 U.S.C. §§ 2201 and 2202.

12. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the City of Madison Heights, County of Oakland, State of Michigan.

## STATEMENT OF CLAIM

13. This incident was captured on body camera. Plaintiff will provide a USB to the Court with the body camera footage that will speak for itself and hereby incorporate said video footage as part of this complaint.

14. On July 23, 2022, Officers were dispatched to the area around Plaintiff's residence.

15. Upon arrival, Defendant Heinrich spoke with neighbors of the Plaintiffs, Brandon Trezeciak and Bethany Nimitz. The neighbor's children were identified and in plain view of the police officers.

16. Bethany explained that she was informed by the children's aunt, identified as Desirae Portis, that the children were in Larry White's home getting ice cream and were now back home safe.

17. Defendants Zamojski, Baker, and Heinrich then went to Larry's residence.

18. Upon the officers' arrival at the home of Larry White, Larry was cooperative and spoke with officers while standing in his front doorframe inside his residence.

19. Plaintiff had committed no crime.

20. Larry White had a legally registered firearm secured in a holster on his right hip, which he informed officers about at that time.

21. Despite no crime having been committed and lacking probable cause, Defendant Zamojski ordered Larry to step out of his home, to which Larry asked if the officers had a warrant.

22. Defendant Zamojski, absent a valid Arrest or Search warrant and/or probable cause, grabbed Larry's right arm in an attempt to pull him out of his home.

23. Defendants then entered Plaintiff's home and brutally tackled Larry and dry stunned him with a taser multiple times while Larry begged them to stop and told them he has a heart condition.

24. A Madison Heights police officer, believed to be Defendant Zamojski, then unholstered Larry White's own gun and put it to the back of his head, execution style, while Larry was being held face-down on the ground.

4

25. Prior to Defendants making contact with Larry, there was no ongoing emergency or danger to the community. The parties were separated and in their own homes. The children were back home. Larry answered his door and was cooperating and legally carrying his firearm in his own home.

26. Defendants falsely caused charges of Assault with a Dangerous Weapon (Felonious Assault) and Police Officer - Assaulting/Resisting/Obstructing to be initiated against the Plaintiff.

27. On March 23, 2023 Oakland County Circuit Judge Kwame Rowe Granted Plaintiff's Motion to Suppress, specifically "any and all evidence obtained after the police officers' illegal entry into Defendant's home is suppressed, including the pistol that the officers' recovered" after determining that "The Police officers' physical entry into the home violated Larry White's right to be free form unreasonable searches and seizures and violates the 4\ :superscript:`th` Amendment".

28. On May 11, 2023, the prosecution filed an Order of Nolle Prosequi which was signed and entered with the Court on May 12, 2023, dismissing the remaining Felonious Assault charge.

29. Judge Rowe also granted Defense's request in the Order of Nolle Prosequi that the arresting agency shall destroy the fingerprints and arrest card according to law.

30. By virtue of the Defendants' actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to:

5

A. **Physical Pain and Suffering:**

- Larry has experienced significant physical pain, discomfort, and suffering as a direct result of the incident. This includes past, present, and future pain caused by his injuries.

B. **Mental Anguish:**

- The incident has caused Larry substantial mental anguish, emotional distress, and psychological trauma, affecting his overall well-being and quality of life.

C. **Fright and Shock:**

- Larry suffered severe fright and shock during the incident, which has had a lasting impact on his mental and emotional state.

D. **Rotator Cuff Injury (Both Arms):**

- Larry sustained a torn rotator, causing him ongoing pain, limited mobility, and impairment in his daily activities.

E. **Neck and Spine Injuries:**

- Larry suffered neck and spine injuries when forcefully slammed to the ground during the incident. This resulted in spinal damage requiring surgical intervention. The surgery involves addressing a six-inch section that is not receiving proper spinal fluid circulation.

F.  **Memory Loss and Awkwardness:**

- Larry has experienced memory loss and cognitive difficulties following the incident, impacting his ability to remember details and navigate daily life. He also reports feelings of awkwardness, likely stemming from his injuries.

G.  **Transient Ischemic Attacks (TIA) and Stroke:**

- Larry endured two Transient Ischemic Attacks (TIA) and a subsequent major stroke in December 2022. These medical events required hospitalization, including two overnight stays for the TIAs and a week-long stay for the stroke at Troy Beaumont Hospital.

H.  **Ongoing Therapy:**

- Since his hospitalization, Larry has been attending therapy two to three times per week to address the physical, emotional, and psychological effects of the incident.

I.  **PTSD and Anxiety:**

- Severe Post-Traumatic Stress Disorder (PTSD) by multiple medical professionals, leading to high anxiety and a profound impact on his mental well-being.

J.  **Loss of Trust and Confidence:**

- The incident has eroded Larry's trust in law enforcement, causing him to no longer trust or feel safe around police officers.

K.  **Physical Limitations and Constant Pain:**

- Larry experiences constant pain in his shoulders, limiting his ability to engage in normal activities and diminishing his overall physical capabilities.

L.  **Diminished Enjoyment of Life:**

- The injuries sustained have resulted in Larry's inability to enjoy life and partake in activities that once brought him joy.

M.  **Potential Surgery and Impact:**

- Multiple surgeries are indicated on Larry's neck and shoulder. The prognosis indicates that Larry may never fully recover from the effects of the surgery, further impacting his quality of life.

N.  **Diabetic Medication and Denial of Medical Care:**

- Larry, being a diabetic, was denied access to his necessary medication during his two-night, three-day stay at OCJ.

<u>**COUNT I**</u>
**EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND 42 U.S.C. § 1983 (Against Defendants Officer Thomas Baker, Officer Rick Zamojski, Officer James Rayner and Officer John Heinrich)**

31. Plaintiff Larry Vance White hereby incorporates all other paragraphs of this Complaint as fully set forth herein.

32. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

33. The Fourth Amendment of the U.S. Constitution protected Larry Vance White from excessive force and illegal searches and seizure.

8

34. The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

35. Plaintiff's § 1983 claim against Defendant Thomas Baker, Defendant Rick Zamojski, Defendant James Rayner and Defendant John Heinrich rests with the Fourth Amendment right to be free from the use of excessive force, free from illegal search and seizure and free from malicious prosecution.

36. Defendants Baker, Zamojski, Rayner and Henrich are a "person," as defined under 42 U.S.C. § 1983, and as an agent of the Madison Heights Police Department, were acting under the color of state law at all times relevant to this action.

37. Defendants Baker, Zamojski, Rayner and Heinrich acted under the color of law with deliberate indifference, and violated Larry Vance Whites right under the Fourth Amendment to the U.S. Constitution to be free from excessive force

38. Defendants illegally seized the Plaintiff.

39. Defendants illegally search Plaintiff and his home.

40. Larry Vance White did not pose an immediate threat to the safety of the officers or others. Larry Vance White did not make any verbal threats to the officers.

41. At the time Defendant Zamojski pulled on Larry Vance White's arm, White was not actively resisting arrest or attempting to evade arrest by flight.

42. At the time Defendant Rayner tased Larry Vance White, Larry Vance White was not actively resisting arrest or attempting to evade arrest by flight.

43. Larry Vance White's right to be free from excessive force as described herein was clearly established at the time Defendant Zamojski pulled on his arm.

9

44. Larry Vance White's right to be free from excessive search and seizure as described herein was clearly established at the time Defendant Rayner tasered him.

45. Larry Vance White's right to be free from excessive search and seizure as described here was clearly established at the time Defendant Baker grabbed him.

46. Larry Vance White's right to be free from excessive search and seizure as described was clearly established at the time Defendant Heinrich placed his hand on him.

47. Defendants Baker, Zamojski, Rayner and Heinrich acted intentionally, maliciously, and in reckless disregard of Larry Vance White's rights.

48. As a proximate result of Defendant's actions and inactions, Larry Vance White suffered and continues to suffer damages previously described.

49. Larry Vance White is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II
## MONELL LIABILITY IN VIOLATION OF 42 U.S.C. § 1983
### (Against Madison Heights Police Department)

50. Plaintiff Larry Vance White hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

51. Plaintiff has been subjected to a deprivation of his constitutionally protected rights and privileges secured by the United States Constitution as set forth herein.

52. The foregoing rights were clearly established at the time of the violations.

53. Madison Height Police Department failed to properly train, authorize, encourage or direct Defendant Thomas Baker, Defendant Rick Zamojski, Defendant James Rayner and Defendant John Heinrich on the proper use of force.

54. In the alternative, Defendants acted in conformance with Madison Heights Police Department policy or practice of imposing unnecessary and excessive force.

55. The deprivations were caused by the series of deliberately indifferent policies, customs, and established practices, including inadequate training, by Madison Heights Police Department, acting under the color of its statutory and legal authority, including but not limited to:

   a. Implementing a policy and practice of imposing unnecessary and excessive force.

   b. Improperly training, authorizing, encouraging or directing officers on proper use of force.

   c. Failing to investigate allegations of excessive force.

   d. Failing to discipline officers for violations of policy related to excessive force.

56. These customs, policies, and practices of the Madison Heights Police Department, along with improper training, monitoring, instruction, direction, discipline, and supervision, were a moving force in the Constitutional violations inflicted by the individual Defendants upon Larry Vance White.

57. This improper training, monitoring, instruction, direction, discipline, and supervision proximately caused the deprivation of Plaintiffs' constitutional rights.

58. Plaintiff's Federal Constitutional claims are cognizable under 42 U.S.C. §1983.

59. As a direct and proximate result of the unconstitutional acts of the Defendants as alleged herein, Plaintiff has sustained a violation of his Rights under the law

and, as a result, is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

60. Defendant's intentional tortious conduct proximately caused Larry Vance White to suffer injury and damages including, but not limited to, economic and noneconomic for fear, apprehension, emotional distress, humiliation, loss of reputation, costs, fees, and reasonable attorney's fees.

## COUNT III
## MALICIOUS PROSECUTION – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983
**(As to Defendants Officer Thomas Baker, Officer Rick Zamojski, Officer James Rayner and Officer John Heinrich)**

61. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

62. Defendants intentionally violated the civil rights of the Plaintiff through his malicious and wanton disregard for Plaintiff's Fourth Amendment rights.

63. Defendants maliciously and without probable cause initiated a criminal prosecution against Plaintiff in violation of his constitutional rights.

64. Plaintiff's Count I was overturned due to Constitutional violations.

65. Defendants falsely accused Larry White of "Going for his gun" both at the incident and in the incident report.

66. Defendants falsely reported that Larry White disobeyed a lawful police command.

67. Defendant Baker falsely reported in his incident report that Larry White "refused to cooperate".

12

68. Defendant Baker falsely reported in his incident report that Larry White "Immediately became combative and started fighting with officers."

69. Defendant Baker falsely reported in his incident report that Larry White "On the ground refused to listen to verbal commands and kept fighting with the officers and would not release his hands"

70. Defendant Zamojski falsely reported in the incident report that "White pulled officers into the house", and "White refused to comply with officers' orders to give them his hands", and "continued to refuse to give officers his hands."

71. After the brutal beatdown by Defendants, multiple Defendants said to Larry White "You fucking idiot going for your fucking gun", which was not true.

72. These false statements cause criminal charges to be issued against the Plaintiff.

73. On March 23, 2023, Oakland County Circuit Judge Kwame Rowe granted the plaintiff's motion to suppress evidence obtained after the officers' illegal entry into the plaintiff's home. The judge specifically determined that the officers' physical entry violated the plaintiff's Fourth Amendment rights. Additionally, on May 11, 2023, an Order of Nolle Prosequi was filed, dismissing the remaining charge of "Felonious Assault."

74. The charges against the Plaintiff were terminated in his favor.

75. The plaintiff had not committed any crime, and there was no ongoing emergency or danger at the time of the incident.

76. Defendants' actions are depicted as lacking a legal basis or probable cause to initiate the charges.

77. Defendants falsely reported incidents and actions that did not occur, indicating a potential lack of objective justification for the charges.

78. Defendants made false statements in their incident reports, accusing the plaintiff of actions he did not commit.

79. These false statements are depicted as the basis for the criminal charges against the Plaintiff.

80. These false statements were made with malice or an improper purpose, intending to unjustly subject the plaintiff to legal proceedings.

## COUNT IV
## FAILURE OF A LAW-ENFORCEMENT OFFICER TO INTERVENE IN USE OF EXCESSIVE FORCE
**(As to Defendants Officer Thomas Baker, Officer Rick Zamojski, Officer James Rayner and Officer John Heinrich)**

81. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

82. Any law-enforcement officer who, while in the performance of his official duties, witnesses another law-enforcement officer engaging or attempting to engage in the use of excessive force against another person must take action to protect the victim.

83. Defendants were aware that a fellow officer violated or was about to violate Larry White's Constitutional rights.

84. Defendants dry stunned Mr. White repeatedly.

85. Larry begged the officers to stop and explained he had a heart condition.

86. Defendants pointed Larry's own firearm to the back on his head.

87. Defendants failed to take action to protect Larry.

14

88. Defendants had the opportunity and means to intervene and stop their fellow officers from using excessive force against Larry White.

89. Given the length of time, the excessive force lasted long enough for Defendants to perceive what was going on to intercede to stop it.

90. Therefore, the officers were aware of the Constitutional violation, had an opportunity to intervene, and chose not to do so.

91. As a result of Defendants' excessive force, Plaintiff suffered serious and permanent injuries.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff prays for entry of judgment finding and awarding as follows:

    a. For an Order adjudging the practices and conduct of Defendants complained of herein to be in violation of the rights guaranteed to Plaintiff under the U.S. Constitution, Federal law, and State law;

    b. For an award to Plaintiff against Defendants, jointly and severally, all relief available under 42 U.S.C. § 1983 to be determined at trial, with interest on such amounts.

    c. For an award to Plaintiff of actual damages, including those arising from loss of past and future income and benefits, humiliation, mental anguish, loss of reputation, emotional distress and other harm, in an amount in excess of $75,000 against Defendants;

15

d. For an award of punitive damages in an amount to be determined at trial;

e. For an award to Plaintiff of his attorneys' fees, disbursements, and costs in this action, pursuant to 42 U.S.C. § 1988, and as otherwise available at law or in equity;

f. For an award of prejudgment interest; and

g. For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Jonathan R. Marko
JONATHAN R. MARKO (P72450)
Attorney for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
jon@markolaw.com

/s/ Nicholas P. Somberg
NICHOLAS P. SOMBERG P80416
Co-counsel for Plaintiff
31700 Telegraph Road, Ste. 210
Bingham Farms, Michigan 48025
P: (248) 270-5979
nick@somberglaw.com

Date: August 15, 2023

d. For an award of punitive damages in an amount to be determined at trial;

e. For an award to Plaintiff of his attorneys' fees, disbursements, and costs in this action, pursuant to 42 U.S.C. § 1988, and as otherwise available at law or in equity;

f. For an award of prejudgment interest; and

g. For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Jonathan R. Marko
JONATHAN R. MARKO (P72450)
Attorney for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
jon@markolaw.com

/s/ Nicholas P. Somberg
NICHOLAS P. SOMBERG P80416
Co-counsel for Plaintiff
31700 Telegraph Road, Ste. 210
Bingham Farms, Michigan 48025
P: (248) 270-5979
nick@somberglaw.com

Date: August 15, 2023

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW

## **JURY DEMAND**

Plaintiff, Larry Vance White, by and through his attorneys, Marko Law, PLLC and Somberg Law, PLLC hereby demands a jury trial in this cause.

Respectfully submitted,

/s/ Jonathan R. Marko
JONATHAN R. MARKO (P72450)
Attorney for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
jon@markolaw.com

/s/ Nicholas P. Somberg
NICHOLAS P. SOMBERG P80416
Co-counsel for Plaintiff
31700 Telegraph Road, Ste. 210
Bingham Farms, Michigan 48025
P: (248) 270-5979
nick@somberglaw.com

Date:  August 15, 2023